UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------X

LEONARDO VILLAR,

       Plaintiff,

  -against-

THE CITY OF NEW YORK, AND
DETECTIVE MANUEL CRUZ,

       Defendants.

-----------------------------------------------------------------------------X

**SECOND AMENDED
COMPLAINT**

17 CV 3819 (VEC)

JURY TRIAL
DEMANDED

Plaintiff, LEONARDO VILLAR, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his Second Amended Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

1

## VENUE

4.     Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.     Plaintiff, LEONARDO VILLAR, is, and has been, at all relevant times, a resident of Bronx County, of the City and State of New York.

7.     Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9.     At all times hereinafter mentioned, the individually named defendant, DETECTIVE MANUEL CRUZ, was a duly sworn member of said department and was acting under the supervision of said department and according to his official duties.

10.    At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

2

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13.     On September 11, 2015, at approximately 5:00 p.m., Plaintiff LEONARDO VILLAR was lawfully riding his bicycle at or near the intersection of East 174th Street and Morrison Avenue in Bronx County, City and State of New York.

14.     At this time Defendant Cruz and other members of the NYPD arrived on duty and in plain clothes.

15.     Without any warning or explanation, at this time, Defendant Cruz ran on foot, charged towards Plaintiff's moving bicycle, and forcibly and violently pushed Plaintiff from his moving bicycle.

16.     As a result, Plaintiff was forced into the air from his bicycle, and fell to the concrete, causing him to sustain several serious personal injuries, including, but not limited to, a pneumothorax, a dislocated left shoulder, and loss of consciousness.

17.     Defendant Cruz and other members of the NYPD then placed Plaintiff in handcuffs, and formally arrested him.

18.     Plaintiff informed the Defendant that he was injured and in pain.

19.     In response to this, the Defendant continued to inflict pain and further injuries on the Plaintiff by forcibly pulling his cuffed hands up behind his back in an attempt to cause further injuries to his shoulder.

20.     Despite the fact that Plaintiff was seriously injured, the Defendants took Plaintiff to the

stationhouse of a local area precinct, rather than to a hospital for medical attention.

21.     Plaintiff was held at the precinct for several hours without medical attention. Thereafter, Plaintiff was transferred to Bronx County Central Booking where he was held for several additional hours without appropriate medical treatment for his injuries.

22.     Eventually, Plaintiff was taken from Bronx County Central Booking to a local area hospital to receive treatment for his injuries.

23.     At the hospital, Plaintiff was diagnosed with lacerations to his head, chest, back, left shoulder, left forearm, a dislocated left shoulder/clavicle, and a pneumothorax.

24.     Thereafter, Plaintiff was taken to Rikers Island Correctional Facility, where he remained for several days.

25.     Plaintiff was eventually released from custody related to this arrest, and was forced to return to court regarding the charges against him.

26.     Plaintiff eventually received a conditional discharge in exchange for accepting a plea to a non-violent charge of disorderly conduct.

27.     At all times hereinafter mentioned, Plaintiff was not engaged in any violent or threatening behavior.

28.     It was objectively unreasonable for the Defendant to assault Plaintiff and to use any level of force against him, much less the force he actually used.

29.     As a result of the foregoing, Plaintiff Leonardo Villar, sustained, *inter alia*, physical injuries, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

30.     All of the aforementioned acts of Defendant, his agents, servants and employees, were carried out under the color of state law.

4

31.   All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. Section 1983.

32.   The acts complained of were carried out by the aforementioned individual Defendant in his capacity as police officers with all the actual and/or apparent authority attendant thereto.

33.   The acts complained of were carried out by the aforementioned individual Defendant in his capacity as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

34.   Defendant, while acting under color of state law, engaged in conduct which constituted custom, usage, practice, procedure or rule of respective municipality/authority, which is forbidden by the Constitution of the United States.

## FIRST CLAIM FOR RELIEF FOR
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

35.   Plaintiff LEONARDO VILLAR repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

36.   As a result of the Defendant's conduct, Plaintiff was subjected to illegal, improper and excessive force, and caused to sustain serious and permanent physical injuries, including, but not limited to, lacerations to his head, chest, back, left shoulder, left forearm, a dislocated left shoulder/clavicle, and a pneumothorax, without any legal justification.

37.   As a result of the foregoing, Plaintiff's liberty was restricted, he was put in fear for his safety, and he was subjected to excessive force without any legal justification.

**SECOND CLAIM FOR RELIEF**
**FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**

38.     Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

39.     Defendant used excessive force against plaintiff LEONARDO VILLAR, in the absence of any legal justification to do so, notwithstanding his knowledge that said force was unnecessary and unconstitutional, and would jeopardize Plaintiff's liberty, well-being, safety, and violate his constitutional rights.

40.     The acts complained of were carried out by the aforementioned individual Defendant in his capacity as a police officer and official, with all actual and/or apparent authority attendant thereto.

41.     The acts complained of were carried out by the aforementioned individual Defendant in his capacity as a police officer and official pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

42.     Those customs, policies, patterns, and practices include, but are not limited to:

    i.      requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    ii.     requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    iii.    failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

    iv.     failing to properly train police officers in the requirements of the United States Constitution.

43.     The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

      i.     using excessive force against individuals;

      ii.     using force against individuals where it is not necessary;

      iii.     falsifying evidence and testimony to support the use of excessive force;

      iv.     falsifying evidence and testimony to cover up police misconduct.

44.     The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff, LEONARDO VILLAR.

45.     The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

46.     The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

47.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, Plaintiff was beaten and subjected to excessive force.

48.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

49.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly

responsible for the violation of Plaintiff's constitutional rights.

50.    All of the foregoing acts by defendants deprived Plaintiff of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

    **WHEREFORE**, the Plaintiff respectfully requests judgment against Defendants on each of the foregoing causes of action as follows:

i.    an order awarding compensatory damages in an amount to be determined at trial;

ii.    an order awarding punitive damages in an amount to be determined at trial;

iii.    reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv.    directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated:  New York, New York
         June 28, 2018

                      Respectfully submitted,

            **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
            *Counsel for the Plaintiff*


                      /s/
            By:    JESSICA MASSIMI (JM-2920)
                   32 Old Slip, 8th Floor
                   New York, New York 10005
                   (212) 962-1020